UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE
CIVIL ACTION NO.: _____

***ELECTRONICALLY FILED***

| | |
|---|---|
| JIM BOGGS, and<br>LINDA BOGGS, | **PLAINTIFFS** |
| v. | |
| 3M COMPANY, AS SUCCESSOR BY<br>MERGER TO MINNESOTA MINING<br>& MANUFACTURING COMPANY<br>AND/OR ITS PREDECESSORS<br>SUCCESSORS IN INTEREST | |
|     <u>Serve</u>: Registered Agent<br>           C T Corporation System<br>           306 W. Main Street<br>           Suite #512<br>           Frankfort, KY 40601 | |
| and | |
| CABOT SAFETY CORPORATION<br>d/b/a AMERICAN OPTICAL<br>CORPORATION, | **DEFENDANTS** |
|     <u>Serve</u>: Registered Agent<br>           Prentice-Hall Corporation<br>           System, Inc.<br>           421 W Main Street<br>           Frankfort, KY 40601 | |

**CIVIL COMPLAINT**

      COMES NOW Plaintiffs Jim Boggs (hereinafter "Plaintiff"), and Linda Boggs, for their respective causes of action against Defendants, allege and state as follows:

## PARTIES

1. Plaintiffs are now and at all times hereinafter mentioned were residents and citizens of the State of Kentucky.

2. At all relevant times hereinafter mentioned Plaintiff was employed by Marlo Coal Company, Vance Breezing, Blue Diamond Coal or its predecessors from 1970 to 1986 and primarily performed his job duties on the premises of his employer in Kentucky.

3. Plaintiff's job duties involved working in areas containing coals and pneumoconiosis producing dust.

4. Defendant 3M Company (hereinafter "3M") is a Delaware Corporation with its principal place of business in Minnesota.

5. 3M is the successor in interest to Minnesota Mining and Manufacturing Company and is responsible for any liability for its own conduct and that of Minnesota Mining and Manufacturing. At all times herein, 3M was doing business in Kentucky and can be served with process by sending a copy of the summons and complaint to its registered agent C T Corporation System at 306 W. Main Street, Suite #512; Frankfort, KY 40601.

6. Defendant Cabot Safety Corporation (f/k/a American Optical Corporation)(hereinafter "American Optical")

7. Cabot Safety Corporation at all times herein was doing business in Kentucky and can be served with process by sending a copy of the summons and complaint to its registered agent Prentice-Hall Corporation Systems, Inc. at 421 W Main Street; Frankfort, KY 40601.

## JURISDICTION AND VENUE

8. The Defendants are subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds $75,000.00.

9. The Defendants are subject to personal jurisdiction of this Court by virtue of the fact that 3M and American Optical did and/or does business in the state of Kentucky and committed torts in whole or in part in this State against Plaintiff, in this judicial district, as more fully set forth herein.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. The events that give rise to this claim occurred in various counties within the State of Kentucky including Letcher, Pike, Harlan, Perry, and Knott County which is in the judicial district for the United States District Court, Eastern District of Kentucky.

## FACTS COMMON TO ALL COUNTS

11. Plaintiff was employed by Marlo Coal Company from approximately 1970-72; Vance Breezing Coal Company from approximately 1972-1976 and Blue Diamond and its successor Scotia Coal Company from 1977 to 1986.

12. During the course of his employment, Plaintiff was continuously exposed to silica and other pneumoconiosis producing dust while employed as a loader and a pinner.

13. 3M is the designer, manufacturer, distributor and seller of the respirators, namely the 3M 8710 used by Plaintiff, at times, throughout the duration of his employment at Blue Diamond Coal Company. Cabot Safety Company (f/k/a American Optical Company) was the designer, manufacturer and seller of respirators, namely the

3

AO R2090N used by Plaintiff throughout the duration of his employment with all of his employers.

14. During the course of his employment, Plaintiff utilized respirators manufactured, designed, distributed, sold, and recommended by 3M and American Optical.

15. The respirators that Plaintiff utilized were specifically known under the product names or identifications as follows: 3M 8710 and the AO R02989N.

16. The respirators utilized by Plaintiff failed to perform properly which caused or contributed to cause Plaintiff to develop silica dust induced airway obstruction.

17. At all times during his exposure to silica dust, Plaintiff was unaware that 3M or American Optical respirators would fail and that this failure would cause Plaintiff serious adverse health conditions.

18. 3M and American Optical knew, or should have known, that ordinary use of its product would not adequately protect users including Plaintiff, from serious harm and, therefore, 3M and American Optical is liable for Plaintiff's bodily harm.

19. Therefore, under the aforesaid facts, Plaintiff is entitled to recovery against 3M and American Optical under various legal theories, including product liability, breach of warranty, and negligence.

## PLAINTIFF'S DAMAGES

20. Plaintiff has suffered the following damages and personal injury for which he now seeks redress:

    (a)    Plaintiff Jim Boggs has suffered, now suffers and will continue to suffer great pain of body and anguish of mind throughout his lifetime;

4

(b)  Plaintiff Jim Boggs has incurred hospital and/or medical and/or pharmaceutical and/or other expenses and Plaintiff will continue to incur such expenses in the future due to treatment necessary to prolong his life;

(c)  Plaintiff Jim Boggs has suffered, now suffers and will continue to suffer physical and mental anguish in the future due to the disabling character of silicosis/pneumoconiosis;

(d)  Plaintiff Jim Boggs has suffered, now suffers and will continue to suffer impairment in the future due to silicosis/pneumoconiosis;

(e)  Plaintiff Jim Boggs suffers and will continue to suffer permanent disabilities and will be permanently disabled in the future due to the disabling character of silicosis/pneumoconiosis;

(f)  Plaintiff Jim Boggs has suffered loss of earnings and will continue to suffer loss of earnings and wages throughout the remainder of his work life expectancy due to the disabling effects of silicosis/pneumoconiosis;

(g)  Prior to the onset of his symptoms, Plaintiff was extremely active and participated in numerous hobbies and activities. Due to the disabling effects of silica related occupational lung disease, Plaintiff has been and will be prevented from participating in said activities, which were normal to him prior to developing silicosis/pneumoconiosis. Plaintiff has been and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life;

(h)  Plaintiff Jim Boggs has suffered, now suffers and will continue to suffer from a shortened life expectancy and the mental anguish thereby caused due to the terminal nature of silicosis/pneumoconiosis;

(i)  Plaintiff Jim Boggs has suffered, now suffers and will continue to suffer from shortness of breath, extensive coughing and wheezing, severe impairment and limitation of lung functions, chest pain and pain in his entire body. Further, Plaintiff has suffered, now suffers and will continue to suffer from mental anguish as a direct and proximate result of the aforesaid condition of silicosis/pneumoconiosis.

(j)  Plaintiff also seeks and is entitled to recover punitive and exemplary damages.

## COUNT I
## PRODUCT LIABILITY – 3M COMPANY

COMES NOW Plaintiff, Jim Boggs, and for Count I of his Complaint against Defendant alleges:

21. Plaintiffs hereby restates and realleges each and every allegation contained in paragraphs one through twenty and every sub paragraph therein as though they are fully set forth herein.

22. At all material times, 3M was engaged in the business of manufacturing, distributing, supplying and/or marketing respirators intended to protect users of those respirators, including Plaintiff, from silica and coal dust.

23. 3M's respirators were used by Plaintiff in order to protect Plaintiff from inhalation of silica and coal dust.

24. 3M's respirators failed to protect Plaintiff from inhaling silica dust thereby directly causing or contributing to cause Plaintiff damage in that he contracted silica dust induced airway obstruction through the inhalation of respirable silica.

25. The 3M respirators were in a defective condition and unreasonably dangerous for use in the expectable environment of use of said respirators when placed in the stream of commerce by 3M. Said defective, unreasonably dangerous condition caused or was a contributing cause of the injuries and damages which are the basis of this suit.

26. 3M is liable to Plaintiff because as designer, manufacturer, distributor, and/or seller of its products in a defective, unreasonably dangerous condition, 3M owed Plaintiff a strict duty not to cause harm through the use of 3M's defective and unreasonably dangerous products.

27. Further, 3M sold and placed in the stream of commerce defective and unreasonably dangerous respirators which were not safe for their reasonably anticipated use when 3M:

(a) knew, or with the exercise of reasonable care should have known, that its respirators would not protect against silica and coal dust, and, therefore, the respirators were in a defective, unreasonably dangerous condition;

(b) failed to warn and/or adequately warn Plaintiff of such dangers that were posed by 3M's defective and unreasonably dangerous respirators;

(c) knew or it was reasonably foreseeable, that 3M's respirators would be used by users or consumers such as Plaintiff, in the manner in which 3M's respirators were used by Plaintiff;

(d) failed to instruct Plaintiff in the proper use of 3M's respirators to protect Plaintiff from harm, if, in truth, there was a way that the 3M respirators could protect Plaintiff from such harm;

(e) knew, or with the exercise of reasonable care should have known, that 3M's respirators were designed in a manner where the respirators did not properly fit and could not be fitted properly to Plaintiff in the circumstances and under the conditions in which Plaintiff used the respirators;

(f) knew, or with the exercise of reasonable care, should have known that 3M's respirators were ineffective in repelling silica dust and that when Plaintiff used 3M's respirators in a manner which 3M intended for the product to be used, Plaintiff was still exposed to dangerous silica and coal dust particles;

(g) knew, or with the exercise of reasonable care should have known, that 3M's respirators contained a filter which was not adequate to repel silica dust or prevent Plaintiff from breathing silica dust.

28. 3M's aforestated conduct was done with conscious disregard for the safety of Plaintiff Jim Boggs and others, justifying an award of punitive damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant under this Count:

- (a) in an amount of actual damages which is fair and reasonable under the circumstances and <u>in excess</u> of $75,000.00;

- (b) costs of suit;

- (c) pre-judgment and post judgment interest at the prevailing legal rate;

- (d) punitive damages in a fair and reasonable amount in excess of $20,000,000.00 to punish and deter Defendant and others from engaging in similar wrongful conduct; and

- (d) such other and further relief as this Court deems just and proper; and

- (e) allow a trial by jury on all issues triable.

## COUNT II
## PRODUCT LIABILITY – AMERICAN OPTICAL

COMES NOW Plaintiff, Jim Boggs, and for Count II of his Complaint against Defendant alleges:

29. Plaintiffs hereby restates and realleges each and every allegation contained in paragraphs one through twenty and every sub paragraph therein as though they are fully set forth herein.

30. At all material times, Cabot Safety Company (f/k/a American Optical Company) was engaged in the business of manufacturing, distributing, supplying and/or marketing respirators intended to protect users of those respirators, including Plaintiff, from silica dust.

31. American Optical respirators were used by Plaintiff in order to protect Plaintiff from inhalation of silica dust.

32. American Optical respirators failed to protect Plaintiff from inhaling silica dust thereby directly causing or contributing to cause Plaintiff damage in that he contracted silicosis through the inhalation of respirable silica.

33. The American Optical respirators were in a defective condition and unreasonably dangerous for use in the expectable environment of use of said respirators when placed in the stream of commerce by American Optical. Said defective, unreasonably dangerous condition caused or was a contributing cause of the injuries and damages which are the basis of this suit.

34. American Optical is liable to Plaintiff because as designer, manufacturer, distributor, and/or seller of its products in a defective, unreasonably dangerous condition, American Optical owed Plaintiff a strict duty not to cause harm through the use of 3M's defective and unreasonably dangerous products.

35. Further, American Optical sold and placed in the stream of commerce defective and unreasonably dangerous respirators which were not safe for their reasonably anticipated use when American Optical:

(a) knew, or with the exercise of reasonable care should have known, that its respirators would not protect against silica and coal dust, and, therefore, the respirators were in a defective, unreasonably dangerous condition;

(b) failed to warn and/or adequately warn Plaintiff of such dangers that were posed by American Optical's defective and unreasonably dangerous respirators;

(c) knew or it was reasonably foreseeable, that American Optical's respirators would be used by users or consumers such as Plaintiff, in the manner in which 3M's respirators were used by Plaintiff;

9

(d) failed to instruct Plaintiff in the proper use of American Optical's respirators to protect Plaintiff from harm, if, in truth, there was a way that the American Optical respirators could protect Plaintiff from such harm;

(e) knew, or with the exercise of reasonable care should have known, that American Optical's respirators were designed in a manner where the respirators did not properly fit and could not be fitted properly to Plaintiff in the circumstances and under the conditions in which Plaintiff used the respirators;

(f) knew, or with the exercise of reasonable care, should have known that American Optical's respirators were ineffective in repelling silica dust and that when Plaintiff used American Optical's respirators in a manner which American Optical intended for the product to be used, Plaintiff was still exposed to dangerous silica particles;

(g) knew, or with the exercise of reasonable care should have known, that American Optical's respirators contained a filter which was not adequate to repel silica dust or prevent Plaintiff from breathing silica dust.

36. American Optical's aforestated conduct was done with conscious disregard for the safety of Plaintiff Jim Boggs and others, justifying an award of punitive damages.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant under this Count:

(a) in an amount of actual damages which is fair and reasonable under the circumstances and <u>in excess</u> of $75,000.00;

(b) costs of suit;

(c) pre-judgment and post judgment interest at the prevailing legal rate;

(d) punitive damages in a fair and reasonable amount in excess of $20,000,000.00 to punish and deter Defendant and others from engaging in similar wrongful conduct; and

 (f) such other and further relief as this Court deems just and proper; and

 (g) allow a trial by jury on all issues triable.

## COUNT III
## BREACH OF WARRANTY – 3M COMPANY

37. COMES NOW Plaintiff, Jim Boggs, and for Count III of his Complaint against Defendant alleges:

38. Plaintiffs hereby restates and realleges each and every allegation contained in paragraphs one through twenty eight and every sub paragraph therein as though they are fully set forth herein.

39. At all material times, 3M was a merchant who sold respirators and as such, 3M impliedly warranted that said respirators were fit for a particular purpose, would be safe and not unreasonably dangerous for use by the general public, and 3M also warranted that said respirators would be merchantable. At all material times 3M expressly warranted with respect to the 3M respirators used by Plaintiff during the term of his employment aforesaid, that "one size fits all faces", "one size fits most faces", and that the 3M 8710 and 8517. NIOSH certified respirators that were approved to be used in a silica environment and could protect the user in a silica environment, and 3M Company breached its express warranty aforesaid because each of these respirators were dangerous and unsafe for the users thereof in a silica environment, including Plaintiff. 3M breached its implied warranty of fitness for a particular purpose aforesaid and of merchantability aforesaid and said breaches caused or were the contributing causes of Plaintiff's silica related occupational lung disease.

11

40. 3M knew or should have known that its respirators would be purchased and used in environments containing silica dust particles. Further, 3M knew or should have known that its respirators would be purchased and used as a means of protecting Plaintiff from inhaling silica dust particles.

41. Plaintiff reasonably relied on 3M's judgment that the respirators were fit for use in Plaintiff's work environment.

42. 3M's respirators were not fit for use in Plaintiff's work environment because the respirators failed to protect Plaintiff from inhaling silica dust.

43. As a direct result of 3M's respirators being unfit for use in Plaintiff's work environment, Plaintiff was damaged in that he suffers from a silica related occupational lung disease.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant under this Count:

(a) in an amount of actual damages which is fair and reasonable under the circumstances and <u>in excess</u> of $75,000.00;

(b) costs of suit;

(c) pre-judgment and post judgment interest at the prevailing legal rate;

(d) such other and further relief as this Court deems just and proper; and

(e) allow a trial by jury on all issues so triable.

## COUNT IV
## BREACH OF WARRANTY – AMERICAN OPTICAL

44. COMES NOW Plaintiff, Jim Boggs, and for Count IV of his Complaint against Defendant alleges:

45. Plaintiff hereby restates and realleges each and every allegation contained in paragraphs one through twenty eight and every sub paragraph therein as though they are fully set forth herein.

46. At all material times, American Optical was a merchant who sold respirators and as such, American Optical impliedly warranted that said respirators were fit for a particular purpose, would be safe and not unreasonably dangerous for use by the general public, and American Optical also warranted that said respirators would be merchantable. At all material times American Optical expressly warranted with respect to the Dustfoe respirators used by Plaintiff during the term of his employment aforesaid, that these respirators would provide proper filtration of silica dust and American Optical breached its express warranty aforesaid because each of these respirators were dangerous and unsafe for the users thereof in a silica environment, including Plaintiff. American Optical breached its implied warranty of fitness for a particular purpose aforesaid and of merchantability aforesaid and said breaches caused or were the contributing causes of Plaintiff's silica dust induced airway obstruction.

47. American Optical knew or should have known that its respirators would be purchased and used in environments containing silica dust particles. Further, American Optical knew or should have known that its respirators would be purchased and used as a means of protecting Plaintiff from inhaling silica dust particles.

13

48. Plaintiff reasonably relied on American Optical judgment that the respirators were fit for use in Plaintiff's work environment.

49. American Optical respirators were not fit for use in Plaintiff's work environment because the respirators failed to protect Plaintiff from inhaling silica and coal dust.

50. As a direct result of American Optical respirators being unfit for use in Plaintiff's work environment, Plaintiff was damaged in that he suffers from a silica related occupational lung disease.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants under this Count:

(a) in an amount of actual damages which is fair and reasonable under the circumstances and <u>in excess</u> of $75,000.00;

(b) costs of suit;

(c) pre-judgment and post judgment interest;

(d) such other and further relief as this Court deems just and proper; and

(e) allow a trial by jury on all issues so triable.

## COUNT V
## NEGLIGENCE – 3M COMPANY

51. COMES NOW Plaintiff, Jim Boggs, and for Count V of his Complaint against Defendant alleges as follows:

52. Plaintiff hereby restates and realleges each and every allegation contained in paragraphs one through thirty four and every sub paragraph therein as though they are fully set forth herein.

53. 3M knew, or in the exercise of ordinary care, should have known of unreasonable risks of harm posed by use of its respirators.

54. Despite its actual or constructive knowledge that its respirators pose an unreasonable risk of harm, 3M:

    (a)    failed to provide adequate warning and/or instruction with regard to the respirators;

    (b)    failed to provide proper fitting instructions;

    (c)    either ignored the results of filtering and quality control tests performed by 3M and others, or failed to perform adequate filtering tests on said respirators before they were placed in the stream of commerce;

    (d)    failed to properly design their respirators;

    (e)    failed to adequately monitor and/or test or prescribe monitoring and/or tests for persons who handled or worked with its respirators;

    (f)    failed to accompany its respirators with adequate warnings of their dangerous propensities;

    (g)    knew, or with the exercise of reasonable care, should have known that 3M's respirators contained a filter which was not adequate to repel silica dust or prevent Plaintiff from breathing silica dust;

    (h)    failed to implement or enforce a valid quality control program to insure that 3M respirators were manufactured in compliance with federal certification regulations;

    (i)    failed to manufacture a respirator which complied with federal certification regulations causing the respirator to have defects resulting in failure to a degree that the respirator does not provide any respiratory protection and that the defect reduced protection and is not detectable by the user.

55. The acts and/or omissions by 3M directly caused or directly contributed to cause Plaintiff's silica dust induced occupational lung disease damages as set forth herein.

...

56. 3M's aforestated conduct was done with conscious disregard for the safety of Plaintiff and others, justifying an award of punitive damages.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant under this Count:

(a) in an amount of actual damages which is fair and reasonable under the circumstances and in excess of $75,000.00;

(b) costs of suit;

(c) pre-judgment and post judgment interest at the prevailing legal rate;

(d) punitive damages in a fair and reasonable amount in excess of $20,000,000.00 to punish and deter Defendant and others from engaging in similar wrongful conduct;

(e) such other and further relief as this Court deems just and proper; and

(f) allow a trial by jury on all issues so triable.

### COUNT VI
### NEGLIGENCE – AMERICAN OPTICAL

57. COMES NOW Plaintiff, Jim Boggs, and for Count VI of his Complaint against Defendant alleges as follows:

58. Plaintiff hereby restates and realleges each and every allegation contained in paragraphs one through thirty four and every sub paragraph therein as though they are fully set forth herein.

59. American Optical knew, or in the exercise of ordinary care, should have known of unreasonable risks of harm posed by use of its respirators.

60. Despite its actual or constructive knowledge that its Dustfoe respirator posed an unreasonable risk of harm, American Optical:

    (a) failed to provide adequate warning and/or instruction with regard to the respirators;

    (b) failed to provide proper fitting instructions;

    (c) failed to properly design their respirators;

    (d) failed to adequately monitor and/or test or prescribe monitoring and/or tests for persons who handled or worked with its respirators;

    (e) failed to accompany its respirators with adequate warnings of their dangerous propensities;

    (f) knew, or with the exercise of reasonable care, should have known that American Optical respirators contained a filter which was not adequate to repel silica dust or prevent Plaintiff from breathing silica dust;

    (g) failed to implement or enforce a valid quality control program to insure that American Optical respirators were manufactured in compliance with federal certification regulations;

    (h) failed to manufacture a respirator which complied with federal certification regulations causing the respirator to have defects resulting in failure to a degree that the respirator does not provide any respiratory protection and that the defect reduced protection and is not detectable by the user.

61. The acts and/or omissions by American Optical directly caused or directly contributed to cause Plaintiff's silica related occupational lung disease damages as set forth herein.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant under this Count:

    (a)    in an amount of actual damages which is fair and reasonable under the circumstances and in excess of $75,000.00;

    (b)    costs of suit;

    (c)    pre-judgment and post judgment interest at the prevailing legal rate;

    (d)    punitive damages in a fair and reasonable amount in excess of $20,000,000.00 to punish and deter Defendant and others from engaging in similar wrongful conduct;

    (e)    such other and further relief as this Court deems just and proper; and

    (f)    allow a trial by jury on all issues so triable.

## COUNT VII
## LOSS OF CONSORTIUM

62. COMES NOW Plaintiff, Linda Boggs, and for her cause of action in Count VII against Defendants alleges as follows:

63. Plaintiff, Linda Boggs, hereby restates and realleges each and every allegation contained in paragraphs one through thirty nine and every sub paragraph therein as though they are fully set forth herein.

64. Plaintiff, Linda Boggs, is now and at all times hereinafter mentioned was a resident and citizen of the State of Kentucky.

65. At all times relevant herein, Plaintiff, Linda Boggs, was the wife of Plaintiff, Jim Boggs, both were legally married to each other at the time of the occurrences herein, and Linda Boggs was entitled thereby to care, comfort, support, companionship, consortium and services of Jim Boggs.

66. Because of the defective product, breaches of warranty and negligent conduct of Defendants, 3M Company and American Optical, as aforementioned, and the injuries and damages to Plaintiff Jim Boggs, as aforementioned, Plaintiff, Linda Boggs, has been caused to suffer and continues to suffer the loss of society, consortium, companionship, love, affection, support, and care of her spouse, Plaintiff, Jim Boggs.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, Jim Boggs and Linda Boggs, pray for judgment against Defendants under this Count:

(a) in an amount of actual damages which is fair and reasonable under the circumstances and <u>in excess</u> of $75,000.00;

(b) costs of suit;

(c) pre-judgment and post judgment interest;

(d) such other and further relief as this Court deems just and proper; and

(e) allow a trial by jury on all issues so triable.

## STATUTE OF LIMITATIONS

67. The Plaintiffs' claims are not barred by the applicable statute of limitations because the evidence will further show that Plaintiff's occupational lung disease has a latency period and does not arise after first exposure to post but many years later.

68. Moreover, Defendants concealed their products defects from government regulatory agencies and Plaintiffs. Consequently, Kentucky discovery rule applies and Plaintiffs' statute of limitations is tolled until Plaintiffs knew of his lung disease and the causal relationship between his disease and the Defendants products and/or conduct. Plaintiff did not learn of his lung disease and the causal relationship of his disease as a result of the Defendant's conduct until November 2010, therefore under Kentucky discovery rule, the statute of limitations is tolled until November 2011.

Respectfully submitted,

**LAW OFFICE OF WILLIAM L. DAVIS**

/S/WILLIAM L. DAVIS
William L. Davis
108 Pasadena Drive, Suite 200
Lexington, KY 40503
Phone: (859) 260-1997
Fax: (859) 260-1310
E-Mail: wmldavis@hotmail.com
*ATTORNEY FOR PLAINTIFFS*

Respectfully submitted,

**THE CAGLE LAW FIRM**

BY: /s/ Zane T. Cagle
Zane T. Cagle; Fed. #499604
One Metropolitan Square
211 North Broadway, Suite 2420
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-Mail: zane@caglellc.com
*Attorneys for Plaintiff*